UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

14 JUN 12 PM 3:37

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Mary F. Meyers, )
)
Plaintiff, )
)
vs. ) Cause No.
)
Indianapolis Public Schools, )
Board of School Commissioners ) **1:14-cv-0973 SEB-DML**
of the City of Indianapolis, )
)
Defendant. )

# EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendant, Indianapolis Public Schools, Board of School Commissioners, for discrimination as set forth below.

Plaintiff __X__ DOES _____ DOES NOT (indicate which) demand a jury trial.

## I. PARTIES

Plaintiff's Name, Address, and       Mary F. Meyers,

                                     1613 Cool Creek Drive

                                     Carmel IN  46033

Phone Number:                        317-844-9220


Defendant's Name and Address:        Indianapolis Public Schools, Board of School
                                     Commissioners of the City of Indianapolis
                                     120 East Walnut Street
                                     Indianapolis IN  46204


## II. JURISDICTION

1. This complaint is brought pursuant to:

   _____ Title VII of the Civil Rights Act of 1964, as amended, and jurisdiction is based on 42 U.S.C. §2000e-5 and 28 U.S.C. §1331;

   _____ The Age Discrimination in Employment Act (29 U.S.C. § 621), and jurisdiction is based on 28 U.S.C. § 1331;

    __X____ The Americans with Disabilities Act (42 U.S.C. § 12101), and jurisdiction is based on 28 U.S.C. § 1331;

    _____ The Rehabilitation Act (29 U.S.C. § 701, *et seq.*), and jurisdiction is based on 28 U.S.C. § 1331;

    _____ Equal rights under law (42 U.S.C. § 1981), and jurisdiction is based on 28 U.S.C. § 1331;

    __X__ Other (list): FMLA, Family Medical Leave Act and the U.S. Department of Labor's Regulations, 29 C.F.R. 825, et seq.

2. Plaintiff __X_DID____DID NOT (indicate which) timely file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission. **[Attach a copy of charge to this complaint]**.

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was **received** on or about March 17, 2014. **[Attach a copy of Notice of Right to Sue to this complaint]**.

## III. STATEMENT OF LEGAL CLAIM

*[handwritten: Paragraph (1)]*

**Plaintiff is entitled to relief in this action because:**
Defendants violated the ADA by knowingly allowing the harassment and retaliation to continue even after it was reported to the FMLA Specialist.

Defendants violated the Code of Federal Regulations, Title 29—Labor

PART 825—THE FAMILY AND MEDICAL LEAVE ACT OF 1993
Protection for employees who request leave or otherwise assert FMLA rights.

825.220(a)
    (a) The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:
    (1) An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.
    **(2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.**
    (3) All persons (whether or not employers) are prohibited from discharging or in any other way discriminating against any person (whether or not an employee) because that person has—
    (i) Filed any charge, or has instituted (or caused to be instituted) any proceeding under or related to this Act;
    (ii) Given, or is about to give, any information in connection with an inquiry or proceeding relating to a right under this Act;
    (iii) Testified, or is about to testify, in any inquiry or proceeding relating to a right under this Act.

825.220(b) Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. An employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered (see § 825.400(c)). "Interfering with" the exercise of an employee's rights would include, for example, not only **refusing to authorize FMLA leave, but discouraging an employee from using such leave.**

## IV. FACTS IN SUPPORT OF COMPLAINT

*Paragraph*

(1) Plaintiff was employed by IPS from October of 2003 through November of 2013. The timing of the discharge was 15 days of work until the Plaintiff was eligible for a pension.

(2) I was first awarded FMLA leave in November of 2011. After that time my performance evaluations were less than they had been the previous 4 years. In April of 2012 I contacted Phyllis Walker for the first time to express concerns of retaliation (Exhibit 1).

(3) Joyce Akridge, Principal of School 79, IPS, did in May 2012 threatened that I would not have a position at that school any longer if "insufficiencies" were not corrected. She specifically denied my use of FMLA for a specific date, and use of FMLA in general as using it "excessively". The FMLA Specialist voiced no such concern. (Exhibits 2,3).

(4) During May of 2012, I had to ask the IEA (Indiana Educator's Association) to intervene on my behalf. Mrs. Akridge asked me to perform two impossible tasks and to falsify records of the I-Read conferences. I reported these violations and the previous threats to the FMLA (Exhibit 4) Specialist, Human Capital Division of Indianapolis Public Schools, Phyllis Walker. She told me to call someone in Human Resources. I spoke with Sherri Clark, HR Supervisor. Ms. Clark pretended to help me with a transfer to another school. I have documentation that shows Ms. Clark and Ms. Peterson, the principal of the new assignment, were in contact with each other behind my back. (Exhibits 5, 6). Ms. Clark provided Ms. Peterson with what I thought were confidential communications between Ms. Clark and myself. The result was a very hostile environment at the new assignment. I was put in situations where I was not supported by my supervisors. I requested, over and over again to get help with the problems at that school.

I was again awarded FMLA leave protection in August of 2012.

(5) Ms. Clark, Ms. Peterson, nor Mr. Valdiosera (the ESL coordinator) helped me in my position which gave me the entire school of over 60 ESL students at 7 different grade levels, with no cooperation from the two assistants. Of the over 50 ESL teachers in IPS, I was the only one that I know of that had to deal with these conditions. I was "written up" for formal disciplinary action in November of 2012. The ESL assistant had gone to parents' houses to encourage them to speak against me. She was allowed to interpret for the parents (Spanish speaking) during the meeting when they came to the school to speak with the principal. I was suspended for three days, for having used the words "lazy, and/or "stupid" around the children. None of the students said that I called them any names directly. Ms. Peterson extended the use of such words and said I was using them to be disrespectful to the children.

(6) I was next suspended on March 1, 2013. The principal falsified records and lied on the Formal Notice that I received. She had falsified documents on at least 7 other occasions. The Interim Superintendent dismissed the charges and I went back to work on April 8, 2013. I asked to be moved to another school. Ms. Clark required me to go to EAP counseling. (Exhibit 7). I was

to meet with the principal at those counseling sessions so that we could figure out how to work together. I went to the counseling, the principal did not. The counselor suggested that I was Depressed from the constant harassment.

(7) I finally went out on FMLA leave for my back pain on June 4, 2013. Ms. Peterson quickly wrote a second Intent to Recommend Contract Cancellation, on June 8, 2013 while I was still out on FMLA leave. The end of the School year was June 12, 2013. The letter from IPS dated September 7, 2012 indicates an end date of 06-12-13. FMLA requires that employers provide eligible employees with up to 12 weeks of unpaid family or medical leave in any 12 month period. 29 C.F.R 825.200 says that the employee is entitled to the most beneficial 12 month period. IPS extended only 10 months of FMLA.

(8) I exhausted the appeals process, and on November 19, 2013 my teaching contract was cancelled.

(9) Defendants violated the ADA by knowingly allowing the harassment and retaliation to continue even after it was reported to the FMLA Specialist. (Exhibits 8, 9). Ms. Clark orchestrated a campaign to get rid of the Plaintiff.

(10) Things that were required of the Plaintiff, and not the other Teachers, nor ESL Teachers in IPS:

**At School 79, November of 2011 through May of 2012,**
**by Joyce Akridge, Principal:**

Required to publish a Cultural Competency Newsletter, to make her look good. I had NO previous experience at publishing anything, which she derided viciously.
Required to be responsible for the Principal's reading group, which she took credit for, and cost me many hours of extra work before and after work hours.
Required to complet 60 ILP's (Individual Learning Plans) by the end of one day. (I had been out on FMLA and this is what I got when I got back.
Required to obtain parental signatures for IREAD forms in one day.
Required to teach a District designed lesson for evaluation purposes.
Requested to falsify records of IREAD conferences.
Blamed for Ms. Akridge's blunder about taking an ESL student to test that should have had accommodations.

**At School 105, August 2012 through June of 2013,**
**by Paula Peterson, Principal**

Required:
- to teach 6 levels of ESL students with only one week notice.
- to organize ESL services without communications from other ESL team members or the supervisor.
- To teach inappropriate lessons to 5th graders, which caused them to avoid ESL services.
- To function and self-direct because the Principal didn't do evaluations on time, nor as directed.
- To accept being called names and derided by the Principal in a gym full of students and other teachers.

## V. PRAYER FOR RELIEF

Based on the foregoing, plaintiff seeks the following relief:

Since Indianapolis Public Schools, and the Board of School Commissioners did knowingly violate my Civil Rights covered under the ADA and the FMLA regulations,

825.220(b) Any violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. An employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered (see § 825.400(c)).

Plaintiff seeks the following equitable relief:

Since Plaintiff planned to teach until the age of 70 (as she was licensed to teach only 5 years ago) compensation should be granted to reflect the denial of the employer to the Plaintiff of the right to work. Since she would have worked another 11 and one half years, then retire with full pension, she should be compensated in kind.
Plaintiff should receive compensation for the Legal Fees incurred during the defense of the fraudulent allegations used to cancel her contract.
Plaintiff should be compensated for the monies spent to obtain the Master of Education degree that was encouraged by IPS during my tenure as a PDST (Professional Development Support Team member), a substitute teacher.

Plaintiff prays for all other just relief.

See worksheet attached.

(Use additional sheets if necessary.)

## VI. SIGNATURE

Signed this __11th__ day of _____June_____, 2014.

_____
(Signature of Plaintiff)